IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:25-cv-8379

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

ANTILLANA & METRO SUPERMARKET, CORP.
d/b/a ANTILLANA SUPER FOOD and
HIRESPRINT LLC d/b/a CIRCURLARSS,

    Defendants.

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendants Antillana & Metro Supermarket, Corp. d/b/a Antillana Super Food ("Antillana") and Hiresprint LLC d/b/a Circurlarss ("Hiresprint") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. Antillana is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 1339 Jerome Ave., Bronx, NY 10452. Antillana acts as its own agent for service of process at 1339 Jerome Ave., Bronx, NY 10452.

3. Hiresprint is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 300 Hudson St, Hackensack, NJ 07601. Hiresprint's agent for service of process is Cesar A. Bonifacio Compres, 96 Carnation ST, Bergenfield, NJ 07621.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

**FACTS**

**I.   Plaintiff's Business and History**

7. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

8. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

**II.     The Work at Issue in this Lawsuit**

*A.  The First Photograph*

9.     A professional photographer employed by Plaintiff's above-named customer created a photograph of beef chuck steak (the "First Photograph"). A copy of the First Photograph is displayed below:



10.     The First Photograph was registered by the above-named customer with the Register of Copyrights on November 18, 2016 and was assigned Registration No. VA 2-022-602. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

*B.  The Second Photograph*

11.     A professional photographer employed by Plaintiff's above-named customer created a photograph of beef oxtail (the "Second Photograph"). A copy of the Second Photograph is displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



12. The Second Photograph was registered by the above-named customer with the Register of Copyrights on April 7, 2017 and was assigned Registration No. VA 2-045-012. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

C. *The Third Photograph*

13. A professional photographer employed by Plaintiff's above-named customer created a photograph of raw chicken breast (the "Third Photograph"). A copy of the Third Photograph is displayed below:



14. The Third Photograph was registered by the above-named customer with the Register of Copyrights on January 26, 2017 and was assigned Registration No. VA 2-046-824. A true and correct copy of the Certificate of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### D. The Fourth Photograph

15. A professional photographer employed by Plaintiff's above-named customer created a photograph of raw pork ribs (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:



16. The Fourth Photograph was registered by the above-named customer with the Register of Copyrights on January 20, 2017 and was assigned Registration No. VA 2-027-172. A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

### E. The Fifth Photograph

17. A professional photographer employed by Plaintiff's above-named customer created a photograph of Roma tomatoes (the "Fifth Photograph"). A copy of the Fifth Photograph is displayed below:



18.     The Fifth Photograph was registered by the above-named customer with the Register of Copyrights on April 27, 2017 and was assigned Registration No. VA 2-055-118. A true and correct copy of the Certificate of Registration pertaining to the Fifth Photograph is attached hereto as **Exhibit "E."**

19.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, and Fifth Photograph are collectively referred to herein as the "Work."

20.     Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

21.     For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III.     Defendants' Unlawful Activities

22.     Antillana owns and operates a chain of supermarkets in New York.

23. Antillana advertises/markets its business through its social media (e.g., https://www.facebook.com/AntillanaJerome and https://www.instagram.com/antillanasuperfood1339/) and other forms of advertising.

24. Hiresprint owns and operates a digital marketing solutions business.

25. Hiresprint advertises/markets its business through its website (https://www.circularss.com/), social media (e.g., https://www.facebook.com/CircularssApp and https://www.instagram.com/antillanasuperfood1339/), and other forms of advertising.

26. At all times relevant hereto, Defendants maintained a contractual relationship whereby, upon information and belief, Hiresprint created various flyers and/or advertisements that were then published by Defendants in connection with the marketing of Antillana's business.

27. Specifically, on multiple dates after the above-referenced copyright registrations of the Work, Defendants displayed and/or published the Work on their website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing Antillana's business (at https://www.circularss.com/weekly-ad/antillana-superfood-1339-jerome-ave/):







COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

28. A true and correct copy of screenshots of Defendants' website, webpage, social media, and/or print media, displaying the copyrighted Work, is attached hereto as **Exhibit "F."**

29. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website, webpage, social media, and/or print media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

30. Defendants utilized the Work for commercial use.

31. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

32. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer first discovered Defendants' unauthorized use/display of one or more of the photographs comprising the Work on May 24, 2024. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

33. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Hiresprint)

34. Plaintiff re-alleges and incorporates paragraphs 1 through 33 as set forth above.

35. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

36. Plaintiff's above-named customer owns a valid copyright in each photograph

comprising the Work, having registered the Work with the Register of Copyrights.

37. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest as such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

38. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Hiresprint had access to the Work prior to its own reproduction, distribution, and public display of the Work on Hiresprint's or Antillana's website, webpage, social media, and/or print media.

39. Hiresprint reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

40. By its actions, Hiresprint infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for the commercial purposes of Antillana.

41. Alternatively, to the extent Hiresprint did not directly infringe Plaintiff's rights in the work, Hiresprint is liable for either contributory infringement or vicarious infringement as Hiresprint guides, directs, and implements marketing plans for its clients and has the ability to influence and control infringing acts of its clients.

42. Thus, assuming Hiresprint did not directly infringe, Hiresprint caused or materially contributed to Antillana's infringing activity. Hiresprint encouraged Antillana to utilize copyrighted imagery on Antillana's website, webpage, and/or social media all while knowing the material was copyright protected.

43. Hiresprint obtained a direct financial benefit from its own and/or Antillana's infringing activities.

44. Hiresprint's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. As a publisher of digital media content and photographer itself, Hiresprint clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

45. Plaintiff has been damaged as a direct and proximate result of Hiresprint's infringement.

46. Plaintiff is entitled to recover its actual damages resulting from Hiresprint's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

47. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

48. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Hiresprint's conduct conduct.

49. Hiresprint's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Hiresprint as follows:

a. A declaration that Hiresprint has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the

Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Hiresprint, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Hiresprint, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Antillana)

50. Plaintiff re-alleges and incorporates paragraphs 1 through 33 as set forth above.

51. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

52. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

53. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest as such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

54. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Antillana had access to the Work prior to its own reproduction, distribution, and public display of the Work on Hiresprint's or its own website, webpage, social media, and/or print media.

55. Antillana reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

56. By its actions, Antillana directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for their own commercial purposes.

57. Alternatively, to the extent Antillana did not directly infringe Plaintiff's rights in the Work, Antillana is liable for vicarious infringement or contributory infringement.

58. As the entity which retained Hiresprint to design advertisementsfor it, Antillana has the right and ability to control the infringing acts of Hiresprint yet declined or failed to stop Hiresprint from engaging in its infringing activity.

59. Antillana obtained a direct financial benefit from its own and/or Hiresprint's infringing activities.

60. Plaintiff has been damaged as a direct and proximate result of Antillana's infringement.

61. Plaintiff is entitled to recover its actual damages resulting from Antillana's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Antillana's profits from infringement of the Work, which amounts shall be proven at trial.

62. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

63. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Antillana's conduct.

64. Antillana's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Antillana as follows:

a. A declaration that Antillana has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Antillana, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Antillana, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

a. For such other relief as the Court deems just and proper.

Dated: October 9, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.